IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| COREL LENHARDT, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CIVIL ACTION NO.: 2:17-cv-01705-RMG-MGB |
| CHARLESTON COUNTY SCHOOL DISTRICT, | ) ) ) | **COMPLAINT** (Jury Trial Requested) |
| Defendant. | ) ) ) | |

Comes now the Plaintiff, Corel Lenhardt, by and through undersigned counsel, alleges and says unto this Honorable Court the following:

**PARTIES**

1. Plaintiff, an African-American female, is a resident of and domicile in the County of Charleston, State of South Carolina.

2. The Defendant, the Charleston County School District (hereinafter referred to as the "District"), is a political subdivision of the State of South Carolina located in Charleston County, South Carolina.

3. Lynda Davis, (hereinafter referred to as "Davis"), at all times relevant herein, was employed by the Defendant, Charleston County School District, as the Interim Associate Superintendent.

4. Louis J. Martin, Jr., (hereinafter referred to as "Martin"), at all times relevant herein, was employed by the Defendant, Charleston County School District, as the Associate Superintendent.

1

5. Gerrita Postlewait, (hereinafter referred to as "Postlewait"), at all times relevant herein, was and/or is the current Superintendent for the District.

6. The Defendant, Charleston County School District, is vested with the authority to supervise administrators, teachers, principals, and assistant principals, including the hiring, firing, and termination of teachers, principals, assistant principals, and/or administrators.

7. At all times relevant herein, Postlewait, Davis, and Martin were acting within the cause and scope of their employment in that they were servants and/or agents of the Defendant. Further, at all times relevant herein, the Defendant, the District, received federal funds for the purpose of supplementing and/or assisting in its pursuit to educate students in Charleston County. One of the primary purposes of receiving the federal funds was to provide employment to administrators. For example, the School District received federal funds under the School Improvement Grant (SIG) to hire additional administrators at and for alleged at-risk schools. This Plaintiff was one of the administrators that was hired under the auspices of the SIG and intimately participated in the administration of the grant.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court is invoked pursuant to 28 USC 1331 and 1343, *et seq*., 42 USCA 2000 *et seq*.

9. Compensatory and punitive damages are sought pursuant to the 1991 Civil Rights Act, *et seq*. as amended, as well as the 1964 Civil Rights Act; Title VI of the 1964 Civil Rights Act, Section 603; 42 USC 2000; Title VII of the 1964 Civil Rights Acts, Section 704(a), et seq. and Section 703(a) et seq. of the said act.

10.     The Plaintiff filed and has presently pending before this Court, an action against the Defendant in this action.  In the action pending before the Court, namely, <u>Corel Lenhardt v. Charleston County School District, et al.</u>, Civil Action No.  2:16-cv-03182-RMG-MGB, the Plaintiff alleges violation of her rights under 42 USCA 1983, 42 USCA 1981 and 42 USCA 1982, the Fourteenth Amendment of the United States Constitution in addition to being retaliated against for the exercise of her constitutional protective rights as well as the Equal Protection Clause of the United States Constitution.

11.     The factual operatives of the Plaintiff's pending case and this action are intertwined to the extent that they are almost congruent.  The Plaintiff was mandated by statute and case law to exhaust her administrative remedies under Title VII before she could initiate this action in this Court.  In that connection, the Plaintiff received and is attached hereto as **Exhibit 1**, a Notice of Right to Sue letter from the South Carolina Human Affairs Commission and or the Equal Employment Opportunity Commission.  At the risk of being verbose, the repeated allegations in this action are almost identical to the allegations in her pending action.  In this action, Plaintiff is also asserting that the Defendant, by way of intentional discrimination, violated Title VI of the 1964 Civil Rights Act, in that the Defendant received or is receiving federal funds for employment of personnel and otherwise.

12.     Furthermore, the Plaintiff seeks attorney's fees for the bringing of this action pursuant to the 1976 Civil Rights Attorney's Fees Act as well as injunctive relief where appropriate.

## FACTS

13. Plaintiff was initially employed by the Charleston County School District for the 2009-2010 school year as a Department Chair for the English Department at St. Johns High School.

14. From the inception of her employment, Plaintiff began to complain, as a citizen and/or administrator, to her superiors and supervisors about the racial discrimination that was being levied against black students, in that they were treated more harshly, disciplined more pervasively than white students at majority white high schools. St. Johns High School is predominately black.

15. In 2012, after Barack Obama was elected President of the United States, Plaintiff complained to her supervisor, the principal, about a white teacher who said to the children and/or his students, *"all of you could end up back in slavery because Obama only had four years of his presidency left."* The Caucasian teacher was terminated from St. Johns High School. However, that same teacher was rehired and/or reinstated at West Ashley High School.

16. In October of 2013, Plaintiff was promoted to the position of Associate Principal in charge of special projects.

17. While serving as the Associate Principal in charge of special projects and/or Assistant Principal at Burke Middle High School in the school year 2014-2015, Plaintiff complained vehemently, to her supervisor about the racial animus displayed by a white teacher towards all of her black students. For example, this Caucasian teacher consistently and constantly used profanity in a derogatory fashion towards black students. However, when the Plaintiff complained to her supervisor, she was told not to discipline this teacher at all. Black

teachers that engaged in that kind of conduct towards students, were placed on administrative leave without pay.

18.     Subsequent thereto, in February of 2015, Plaintiff was transferred, laterally, to the position of Interim Principal at D20 Middle School also known as Simmons – Pinckney Middle School.

19.     For the school year 2016-2017, the Charleston County School District gave some Assistant Principals, teacher's contracts because of an alleged budgetary shortage.

For the same school year 2016-2017, under the guise of the so called budgetary shortfall, twenty-eight (28) Assistant Principals' contracts were reduced in terms of the number of days.  Black administrators and/or Assistant Principals were disparately impacted in that more than fifteen (15) of the twenty-eight (28) whose contracts were reduced were blacks, including the Plaintiff.

20.     Plaintiff continued to complain about the disparate and unequal treatment that was being levied against black students and/or black administrators in comparison to their white counterparts.  Plaintiff also complained about black female administrators being disproportionately discriminated against in terms of promotion and/or demotion at the hands of the District as compared to their white counterparts and/or black males.  The District routinely demote black female administrators at a far greater rate as compared to white male or female administrators and black male administrators.

21.     For example, for the fiscal year 2016-2017, there were twenty (20) black Assistant Principals who were females.  Of that twenty (20), seven (7) were demoted. Comparatively, for the same year, there were thirty-eight (38) white female Assistant Principals. Of that number only five (5) were demoted or reduced.

22.     For the same fiscal year 2016-2017, in regard to black males, of twenty-two (22) Assistant Principals, six (6) were demoted or reduced. Of twenty-four (24) white males who were Assistant Principals, their numbers were reduced by two (2).

Plaintiff further alleges that there were five (5) Assistant Principals and/or Principals that were demoted to teachers for the 2015-2016 school year. Of that five (5), four (4) were black.

23.     The Plaintiff asserts that black administrators generally were discriminated against because of their race. However, black female administrators were less likely, solely because of their race and sex, to be promoted than white male/female and black male administrators.

24.     In keeping with the policies and practices of discriminating against black administrators generally, and black female particularly, in the 2015-2016 school year, Plaintiff was demoted by the Defendant and/or its agent, Louis Martin, to the position of Assistant Principal at Garrett High School. Plaintiff asserts that the demotion was a direct result of the Plaintiff's continued complaint about the disparate treatment that black students and/or black female administrators were receiving at the hands of Mr. Martin and/or the District.

## FOR A FIRST CAUSE OF ACTION
### (Violation of Title VII)
### (Race Discrimination)

25.     The Plaintiff realleges each and every allegation set forth hereinabove as if repeated verbatim.

26.     The Plaintiff alleges that the Defendant's conduct towards the Plaintiff, from the first time that the Plaintiff complained of race discrimination, was done solely because of the

Plaintiff's race, in violation of Title VII of the 1964 Civil Rights Act, the 1991 Civil Rights Act and 42 USCA 1981, as amended.

27.     As a result of being discriminated against because of her race, Plaintiff suffered damages, both punitive and actual, in an amount to be proven at trial.

### FOR A SECOND CAUSE OF ACTION
### (Violation of Title VII)
### (Retaliation)

28.     The Plaintiff realleges and reincorporates each and every allegation hereinabove set forth.

29.     The Plaintiff was retaliated against for by the Defendant for engaging in a protected activity, in that the Plaintiff complained about the systematic discrimination against black students in terms of expulsion, discipline, and in-school suspension, *inter alia*. Further, Plaintiff asserts that the retaliation against her also stems from the systematic discrimination engaged in by the Defendant as it relates to discriminatory policies and practices perpetrated against black administrators in general, and black female administrators in particular.

30.     Plaintiff further asserts that there was a causal connection between being demoted to Assistant Principal and complaining about the racially discriminatory policies and practices as engaged in by the Defendant and/or its agents, servants, and employees.

31.     As a result of retaliation, Plaintiff suffered damages, both punitive and actual, in an amount to be proven at trial.

### FOR A THIRD CAUSE OF ACTION
### (Violation of Title VI of the 1964 Civil Rights Act)

32. The Plaintiff realleges and reincorporates each and every allegation hereinabove set forth.

33. Plaintiff asserts that the Defendant, by and through its conduct, policies, procedures, and customs, intentionally, discriminated against black students, predominantly black schools, and black administrators, all in violation of Section 602, *et seq.* of Title VI.

34. Plaintiff asserts that she is entitled to actual, consequential and compensatory damages, as well as reasonable attorney's fees and costs under the 1978 Civil Rights Attorney Fees Act and 42 USCA 1988.

## **FOR A FOURTH CAUSE OF ACTION**
### **(Retaliation)**
### **(Violation of Title VI of the 1964 Civil Rights Act)**

35. The Plaintiff realleges and reincorporates each and every allegation hereinabove set forth.

36. Plaintiff further asserts that in complaining about and/or objecting to the continuous discrimination against black employees, principals, assistant principals, and/or students by the District and/or its agents and servants, the District, through said agents and/or servants, retaliated against the Plaintiff causing the same actual and punitive damages in an amount to be proven at trial.

## **FOR A FIFTH CAUSE OF ACTION**
### **(Violation of Title VII)**
### **(Sex Discrimination)**

37. The Plaintiff realleges and reincorporates each and every allegation hereinabove set forth.

38.  Plaintiff asserts that she was demoted because of her sex, in that male employees who were comparable to Plaintiff, were not demoted, all in violation of Title VII of the 1964 Civil Rights Act.

39.  That as a result of the hereinabove mentioned discrimination, Plaintiff suffered actual and punitive damages in an amount to be proven at trial.

### FOR A SIXTH CAUSE OF ACTION
### (Violation of Title VII)
### (Disparate Impact)

40.  The Plaintiff realleges and reincorporates each and every allegation hereinabove set forth.

41.  Plaintiff asserts that the policies and practices engaged in by the Defendant had a disparate impact on this Plaintiff as well as African-American administrators and students in violation of Title VII of the 1964 Civil Rights Act.

42.  That That as a result of the hereinabove mentioned disparate impact, Plaintiff suffered actual and punitive damages in an amount to be proven at trial.

**WHEREFORE,** Plaintiff prays judgment against the Defendant as follows:

a.  Compensatory damages;

b.  Injunctive relief;

c.  Consequential damages;

d.  Punitive damages;

e.  Attorney's fees and costs under the 1988 Civil Rights Act; 42 USCA 1981; and 42 USCA 1983;

f.  And for such other relief as this Court may deem just, equitable and proper.

                              BY:    s/Edward M. Brown, Esquire
                                              EDWARD M. BROWN, ESQUIRE
                                              Attorney for the Plaintiff
                                              Federal I. D. No. 1510
                                              P. O. Box 20261
                                              Charleston, SC  29413
                                              (843) 559-9224
                                              (843) 559-9226 (Fax)

Charleston, South Carolina


Dated:  June 29, 2017

10